UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ANGELA ADAMS LICENSING, LLC, ET AL., )<br>) | |
| PLAINTIFFS ) | |
| v. ) | CIVIL NO. 06-152-P-H |
| DYNAMIC RUGS, INC., ) | |
| DEFENDANT ) | |

AMENDED MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND DEFENDANT'S OBJECTION TO REPORT OF CONFERENCE OF COUNSEL AND ORDER[1]

This is a lawsuit for copyright infringement. The plaintiffs Angela Adams Licensing, LLC and Angela Adams Designs, LLC (hereafter collectively "Angela Adams"), located in Maine, design, distribute and sell rugs and license their designs. The defendant, Dynamic Rugs, Inc. (hereafter "Dynamic"), located in Maryland, imports, distributes and sells rugs. Angela Adams says that Dynamic is distributing and selling infringing copies of Angela Adams' copyrighted rug designs. After an exchange of lawyers' letters and phone calls over the dispute, Dynamic filed a declaratory judgment lawsuit in the federal court for the District of Maryland on September 13, 2006. Angela Adams filed this infringement

---

[1] The amendment is to remove the words "Plaintiff's Motion for Preliminary Injunction" from
*(continued on next page)*

lawsuit here the very next day. Dynamic has moved to dismiss the lawsuit here for lack of personal jurisdiction or, in the alternative, to transfer it to federal court in Maryland where the other lawsuit is pending. Dynamic's motion is **DENIED**.

## PERSONAL JURISDICTION[2]

Although the lawsuit involves a federal statute, the Copyright Act, 17 U.S.C. §§ 101 et seq., that federal statute has no service of process provision. Authorized service of process is essential to personal jurisdiction. Consequently, Angela Adams relies upon Fed. R. Civ. P. 4(k)(1)(A), which incorporates state law of the forum, here Maine. Under Maine law, personal jurisdiction is coextensive with the federal Constitution's limits for permitting a defendant to be haled into a Maine forum. 14 M.R.S.A. § 704-A(1). I therefore apply the Fourteenth Amendment constitutional analysis to Dynamic's contacts with Maine.

There are two bases upon which a plaintiff can secure personal jurisdiction over an out-of-state defendant: general jurisdiction and specific jurisdiction. United Elec., Radio and Mach. Workers of America v. 163 Pleasant Street Corp., 960 F.2d 1080, 1088 (1st Cir. 1992). General jurisdiction describes the situation

---

the title of this document.

[2] In the legal memorandum opposing the motion to dismiss, Angela Adams requested discovery on personal jurisdiction. At a conference before the Magistrate Judge on November 13, 2006, however, Angela Adams agreed that the motion to dismiss was ready for ruling upon this court's ruling on a motion seeking leave to file an affidavit authenticating a packing slip. I now **GRANT** (over objection on relevance) Angela Adams' motion for leave to supplement. Dynamic objected to the Report of Conference of Counsel for failing to schedule a ruling on the motion to dismiss before a hearing on the preliminary injunction and trial. Dynamic requested prompt resolution of the motion to dismiss by "a hearing or otherwise." That is an appropriate request, and this
*(continued on next page)*

when a defendant has such contacts with the forum state that it can be sued in the forum for any grievance. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9 (1984). If Maine has general jurisdiction over Dynamic, for example, Dynamic could be sued here if one of its trucks injured someone in Arizona, or by a disgruntled employee in California. Specific jurisdiction describes the situation when the lawsuit is related specifically to the defendant's conduct within a state, id. at 414 n.8,—for example, a defendant with no contacts with Maine but for a single truck delivering a product on a single occasion into the state. If that truck caused injury to someone in Maine, there probably would be specific jurisdiction over liability for that incident, but not for other unrelated grievances.

In this case, it is extremely doubtful that Maine has general jurisdiction over Dynamic. Dynamic does not have a registered agent in Maine, does not own real property in Maine, does not have an office, street address, or bank account in Maine, and none of Dynamic's employees, officers, or directors resides in the state of Maine. Decl. of Massoud Rouhanian at ¶¶ 4-6 (Docket Item 8, Attachment 1) ("Rouhanian Decl."). Although Dynamic does have limited contacts in Maine—it markets rugs in Maine, it distributes rugs though dealers in Maine to customers in Maine, and it makes a profit from sales of rugs in Maine, id. at ¶¶ 2-3—there are numerous cases rejecting general jurisdiction on limited

---

decision responds to that objection by providing a ruling on the motion to dismiss.

contacts like these.  See, e.g., Helicopteros, 466 U.S. at 416 (regularly purchasing equipment and training services from the forum, accepting checks drawn on banks from the forum, and sending personnel and officers to the forum for contract negotiations); Noonan v. Winston Co., 135 F.3d 85, 92-93 (1st Cir. 1998) (soliciting business in the forum, and visiting the forum to negotiate orders and establish business relationships); Glater v. Eli Lilly & Co., 744 F.2d 213, 217 (1st Cir. 1984) (advertising in the forum, employing sales representatives to distribute information in the forum, and selling products to distributors in the forum); In re New Motor Vehicles Canadian Export Antitrust Litig., 307 F. Supp.2d 145, 151 (D. Me. 2004) (using an advertising service based in the forum, sending officers to attend meetings and train in the forum, purchasing equipment from the forum, manufacturing and selling products that ultimately end up in the market of the forum, and being party to lawsuits in the forum).  I do not decide the issue finally, however, because I find that a *prima facie* case of specific jurisdiction does exist.

Angela Adams' claims of infringement arise from the allegations that Dynamic is "marketing, distributing and selling the infringing products." Compl., at Intro. (Docket Item 1).  According to the Affidavit of Dynamic's President, the company employs two sales representatives that cover Maine and distributes rugs to seven dealers in Maine.  Rouhanian Decl. at ¶¶ 2-3.  According to the Affidavit of Angela Adams' lawyer, Dynamic's website lists the stores in Maine that sell Dynamic's rugs.  Decl. of Margaret Minister O'Keefe at ¶ 8 (Docket Item 17,

Attachment 3) ("O'Keefe Decl."). The website explicitly features the allegedly infringing rugs. Id. at ¶ 10. It also apparently provides extensive assistance to a consumer in viewing available rugs for sale, obtaining information about their fiber content and sizes, and receiving recommendations. Id. at ¶ 8. Other internet retailers that carry Dynamic rugs state that Dynamic will ship directly to the consumer. Id. at ¶ 11-14. Dynamic also advertises in *Home Furnishing News* magazine, which is circulated in Maine. Ex. to Decl. of Angela Adams (Docket Item 17, Attachment 2).

I conclude that Dynamic is marketing the allegedly infringing designs in Maine and that if the infringing rugs arrive in Maine, their arrival is not merely the random or fortuitous actions of a third party. See Helicopteros, 466 U.S. at 416-417 (holding that unilateral activity of a third party is not an appropriate consideration in determining what contacts are sufficient for personal jurisdiction purposes). Dynamic's marketing of infringing rugs has a foreseeable detrimental impact on copyright holder Angela Adams even without actual distribution or sale. Distribution and sale only add to the impact. During the pendency of this lawsuit, moreover, an employee of Angela Adams' lawyers ordered an infringing rug from one of the internet retailers; Dynamic then shipped it to her directly in Maine. Decl. of Pauline T. Plourdie at ¶¶ 2-10 (Docket Item 17, Attachment 9). Thus, it is apparent that Dynamic is not merely placing the rugs into the stream of commerce, see Asahi Metal Indus. Co., Ltd. v. Superior Court of California,

5

Solano County, 480 U.S. 102, 112 (1987), but that, given the opportunity, Dynamic distributes and sells the allegedly infringing products in Maine. Ordinarily an event occurring after the filing of a complaint is not the basis for specific jurisdiction. Here, however, the delivery demonstrates that the services described on the internet websites are in fact implemented in Maine and that Dynamic had entered into agreements with its retailers by which it would ship infringing products directly into Maine. (Moreover, that act of shipping an infringing rug to Maine alone would establish personal jurisdiction for a claimed infringement as to that design; little would be gained by dismissing this lawsuit only to have it refiled later on that basis.)

I conclude that Angela Adams has made a prima facie case for the three elements of specific jurisdiction, Phillips Exeter Academy v. Howard Phillips Fund, 196 F.3d 284, 288 (1st Cir. 1999): the cause of action for infringement arises out of or relates to contacts that Dynamic had with Maine (marketing infringing designs to a Maine market and distributing one here), the contacts amount to purposeful availment of conducting activities in Maine (thereby invoking the benefits and protections of Maine's laws and making jurisdiction foreseeable), and the exercise of jurisdiction is reasonable (the so-called "gestalt" factors), namely:

> (1) the defendant's burden of appearing [minimal, Maryland to Maine], (2) the forum state's interest in adjudicating the dispute [substantial since the copyrighted designs are created here and the effects of infringement experienced here], (3) the plaintiff's

6

> interest in obtaining convenient and effective relief [Angela Adams is located here, along with the records that will be used to establish copyright], (4) the judicial system's interest in obtaining the most effective resolution of the controversy [this court's docket will permit a speedy adjudication] and (5) the common interests of all sovereigns in promoting substantive social policies [this factor does not bear here].

United Electrical, 960 F.2d at 1088.

Dynamic emphasizes the limited dollar volume that it generates in Maine compared to other parts of the country. Those numbers may be relevant to general jurisdiction, but they are not relevant to specific jurisdiction. A single act of infringing conduct in Maine is enough to confer specific jurisdiction over an infringement claim.

Finally, I reject Dynamic's argument that I must grant the motion to dismiss based solely upon the so-called "first-to-file" rule. Def.'s Mot. to Dismiss or Transfer at 15 (Docket Item 13) ("Because the First Filed Action involves the same parties and identical issues, this Court should dismiss the case at bar pursuant to the well-settled 'first-to-file' rule"). Dynamic does not cite, and I am unaware of, any First Circuit case law suggesting that the "first-to-file" rule is well-settled law in this circuit. Furthermore, where recognized, the first-to-file rule is a matter of trial court discretion. Genentech, Inc. v. Eli Lilly and Co., 998 F.2d 931, 937-38 (Fed. Cir. 1993) ("Exceptions [to the first to file rule] are not rare, and are made when justice or expediency requires, as in any issue of choice of forum. . . . [T]he trial court's discretion tempers the preference for the first-filed

7

suit, when such preference should yield to the forum in which all interest are best served."). The lawsuit in Maryland was clearly the product of a race to the courthouse: Angela Adams' lawyers' letters threatened to file a lawsuit September 15, 2006; Dynamic used a preemptive strike by filing in Maryland September 13; Angela Adams filed in Maine September 14. I do not see what is gained by giving an advantage to the party that beats the other party to the federal courthouse by one day, after being alerted that the other party is about to sue. See 12 James Wm. Moore et al., Moore's Federal Practice – Civil ¶ 57.42 (2006) ("If a court finds that a declaratory judgment action was brought in anticipation of the coercive suit for the purpose of gaining the home court advantage, the coercive suit is usually given precedence.").

### MOTION TO TRANSFER

Dynamic's motion in the alternative to transfer this case to the District of Maryland under 28 U.S.C. § 1404(a)("[f]or the convenience of parties and witnesses, in the interest of justice") is **DENIED**. Maryland and Maine are both competent federal forums, but Maine has a more manageable caseload. At best, the convenience of parties and witnesses between Angela Adams and Dynamic is evenly balanced. More likely, the balancing favors Maine in a case asserting copyright infringement where Dynamic is not alleged to have copied the designs (apparently copied and manufactured abroad, see O'Keefe Decl. at ¶ 4), only to have distributed and sold the rugs using them. It seems unlikely that much of

the controversy concerning liability will involve Dynamic activities. Those activities may be relevant if and when it comes to damages, but do not call for transfer to Maryland.

**SO ORDERED.**

**DATED THIS 28TH DAY OF NOVEMBER, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**